IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 12, AFL-CIO, 200 Constitution Avenue NW, RM N-1503 Washington, D.C. 20210, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| FEDERAL LABOR RELATIONS AUTHORITY, 1400 K Street NW, Washington, D.C. 20424, | ) ) ) ) ) | |
| and | ) ) | |
| COLLEEN DUFFY KIKO, In her official capacity as Chairman of the Federal Labor Relations Authority 1400 K Street NW, Washington, D.C. 20424, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

INTRODUCTION

The American Federation of Government Employees ("AFGE"), Local 12, AFL-CIO

("Local 12" or "Union") challenges two decisions by the Federal Labor Relations Authority

("the Authority") on the basis that the decisions are arbitrary, capricious, an abuse of discretion,

and not in accordance with law, and are consequently, in violation of the Administrative

Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"). Specifically, the Union challenges the

Authority's decision in *Department of Labor and AFGE Local 12*, 70 F.L.R.A. 452 (2018)

("*Labor I*"), and the Authority's denial of reconsideration in *Department of Labor and AFGE*

1

*Local 12*, 70 F.L.R.A. 953 (2018) ("*Labor II*"). Copies of the Authority's decisions accompany this complaint as exhibits 1 and 2 respectively.

This complaint seeks review of the Authority's refusal, in divided decisions, to allow Local 12 to withdraw a unit clarification petition and seeks review of the Authority's issuance of an advisory opinion. This complaint does not seek review of the Authority's determination on the merits of Local 12's petition. Rather, this complaint seeks review of a collateral issue: the Authority's issuance of the challenged decisions in violation of its own regulations and the APA. In *Labor I*, Local 12 filed a unit clarification petition with the Authority pursuant to 5 C.F.R. § 2422.1(b)(1). The petition sought to clarify whether the Department of Labor ("DOL") wrongfully excluded twelve employees from Local 12's bargaining unit. Before the Authority issued a final decision, Local 12 requested, by letter dated January 3, 2018, to withdraw the petition. Without acknowledging or responding to Local 12's request to withdraw, the Authority issued a decision on the merits three months later. In *Labor II*, the Authority denied Local 12's request for reconsideration of the decision in *Labor I*.

In both challenged decisions, the Authority refused, over Member Ernest DuBester's dissent, to allow Local 12 to withdraw its petition because, *inter alia,* Local 12 purportedly failed to state its motivation for the petition's withdrawal. The Authority, however, never requested that Local 12 state its motivation for the withdrawal in an order to show cause, by telephone, or in any other fashion. Further, the Authority had, at all times relevant to this complaint, no regulations or written policy governing the withdrawal of unit clarification petitions. In *Labor I*, the Authority created a new requirement, without notice to Local 12, that a party must provide a reason for withdrawing a unit clarification petition and then proceeded to issue a ruling on the merits of the petition. Ex. 1 at 5. By issuing a decision on the merits in a moot case, the

Authority violated its own regulation, 5 C.F.R. § 2429.10, which prohibits the Authority from issuing an advisory opinion. Local 12 therefore seeks review of the Authority's decisions on this collateral issue, and vacatur of the Authority's issuance of what amounts to advisory opinions in violation of its own regulation.

I.   JURISDICTION

1.   The court has jurisdiction pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

2.   Local 12 seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

II.   VENUE

3.   Pursuant to 28 U.S.C. § 1391(e)(1), the District of Columbia is a proper venue for this action because Local 12 is headquartered here and because Defendants' principal offices are also headquartered here.

III.   PARTIES

4.   Local 12 is a labor organization and unincorporated association located at 200 Constitution Avenue NW, RM N-1503, Washington, D.C. 20210. Local 12 represents all Department of Labor ("DOL") employees, excluding all management officials, supervisors, and employees described in 5 U.S.C. §§ 7112(b)(2), (3), (4), (6), and (7), in the Washington metropolitan area.

5.   Local 12 is a local union affiliated with American Federation of Government Employees, AFL-CIO.

6.   Defendant Federal Labor Relations Authority is a federal agency whose headquarters is located at 1400 K Street NW, Washington, D.C. 20424.

7.   Defendant Colleen Duffy Kiko is the Chairman of the Authority. She is sued solely in her official capacity.

IV.    <u>FACTS</u>

8.   The Authority is an "agency" as that term is defined in 5 U.S.C. § 551(1).

9.   The Authority is subject to 5 U.S.C. § 553 ("Section 553").

10.  The APA defines "rule making" as "the agency process for formulating, amending, or repealing a rule." 5 U.S.C. § 551(5).

11.  "Rule" is further defined by the APA as "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy[.]" 5 U.S.C. § 551(4).

12.  Subject to exceptions not relevant here, Section 553(b) requires agencies to publish general notice of rule making in the Federal Register describing the time, place, and nature of public rule making proceedings, referencing the legal authority under which the rule is proposed, and describing the terms or substance of the proposed rule.

13.  Section 553(c) also requires agencies to give interested persons an opportunity to participate in the rule making via public comment.

14.  Subject to exceptions not relevant here, Section 553(d) requires the notice and comment period to last at least 30 days before the rule becomes effective.

15.  Local 12 is certified as the exclusive representative of all DOL employees, excluding all management officials, supervisors, and employees described in 5 U.S.C. §§ 7112(b)(2), (3), (4), (6), and (7), in the Washington metropolitan area.

16.  On April 27, 2016, Local 12 filed a unit clarification petition pursuant to 5 C.F.R. § 2422.1(b)(1) with the Authority's Washington Regional Office seeking to clarify whether DOL had wrongfully excluded twelve employees from Local 12's bargaining unit.

17. During the course of the Washington Regional Office's investigation, Local 12 and DOL resolved the majority of the positions involved in the unit clarification petition.

18. Local 12 and DOL were unable to reach a resolution with respect to three positions.

19. DOL opposed Local 12's unit clarification petition.

20. After holding a hearing, the Authority's Washington Regional Office, through its Regional Director Jessica Bartlett, issued the Decision and Order on March 21, 2017.

21. The Decision and Order clarified the bargaining unit to include two of the three positions at issue.

22. On May 22, 2017, DOL filed an application for review of the Decision and Order with the Authority pursuant to 5 C.F.R. § 2422.31.

23. As a result of DOL's application for review, the Decision and Order did not become final. 5 C.F.R. § 2422.31(e)(2).

24. On October 4, 2017, Local 12's parent organization, the AFGE National Union, placed Local 12 in trusteeship and appointed a trustee to oversee the local's affairs.

25. On or about December 12, 2017, the trustee designated AFGE National as Local 12's representative in the unit clarification petition in this case.

26. On December 15, 2017, the Authority issued an order granting DOL's application for review but deferring action on the merits for a later date.

27. On January 3, 2018, Local 12 filed a notice with the Authority informing the Authority that Local 12 was designating a new representative in the case.

28. Local 12 simultaneously filed, on January 3, 2018, a request to withdraw its April 27, 2016 petition.

29. The Authority did not respond to Local 12's January 3, 2018 request to withdraw.

30. DOL did not object or otherwise respond to Local 12's January 3, 2018 request to withdraw.

31. On January 11, 2018, Local 12 then filed a second notice, withdrawing its unit clarification petition.

32. DOL did not object or otherwise respond to Local 12's January 11, 2018 notice of withdrawal.

33. Local 12's January 11, 2018 notice clarified that no decision had been reached on the merits of the case and that Local 12 was withdrawing its underlying petition.

34. The January 11, 2018 notice also stated that there was no longer a case or controversy that would require a decision by the Authority.

35. Additionally, Local 12 cited to the Authority's regulation, 5 C.F.R. § 2429.10, prohibiting the issuance of advisory opinions by the Authority.

36. At all times relevant to this complaint, there was no regulation governing the withdrawal of a union's petition for clarification of employees' bargaining unit status.

37. At all times relevant to this complaint, the Authority also had no written policy governing the withdrawal of a union's petition for clarification.

38. On April 12, 2018, three months after Local 12's request to withdraw the petition, the Authority, in a 2-1 vote over Member DuBester's dissent, issued a decision on the merits of Local 12's withdrawn unit clarification petition. Ex. 1, *Labor I*, 70 F.L.R.A. 452 (2018).

39. In the decision, the Authority denied what it characterized as Local 12's request to withdraw and proceeded to issue a decision on the merits.

40. The decision did not cite any regulation, policy, or precedent that required a union to state its motivation for withdrawing a unit clarification petition.

41. At no time prior to its April 12, 2018 decision did the Authority notify Local 12 that it deemed Local 12's withdrawal to be defective or otherwise deficient.

42. For example, the Authority did not issue an order to show cause or contact Local 12 by telephone or in any other fashion informing Local 12, *inter alia*, of the requirement to state its motivation for withdrawing the unit clarification petition.

43. On April 27, 2018, Local 12 filed a timely motion for reconsideration of the April 12, 2018 Opinion, arguing, *inter alia*, that the Authority's decision was an improper advisory opinion in violation of 5 C.F.R. § 2429.10.

44. In the motion for reconsideration, Local 12 explained that by withdrawing its underling petition and because the Decision and Order never became final, the dispute became moot.

45. Additionally, Local 12 stated that it no longer sought to represent the disputed positions identified in the petition.

46. The Authority, in a 2-1 vote over Member DuBester's dissent, denied Local 12's motion for reconsideration on November 21, 2018. Ex. 2, *Labor II*, 70 F.L.R.A. 953 (2018).

## COUNT I

### Violation of the Administrative Procedure Act
### 5 U.S.C. § 706(2)(A)

47. Local 12 realleges and incorporates by reference the allegations contained in paragraphs 1 through 46.

48. Authority regulation 5 C.F.R. § 2429.10 prohibits the Authority from issuing advisory opinions.

49. By refusing to honor the Union's withdrawal of its petition prior to the Authority's issuance of a final decision on the merits, the Authority issued advisory opinions in violation of 5 C.F.R. § 2429.10.

50. The Authority's decision in *Labor I*, 70 F.L.R.A. 452 (2018), and the Authority's denial of reconsideration in *Labor II*, 70 F.L.R.A. 953 (2018), are therefore arbitrary, capricious, an abuse of discretion, and not in accordance with law in violation of 5 U.S.C. § 706(2)(A).

## COUNT II

### Violation of the Administrative Procedure Act
### 5 U.S.C. § 706(2)(A)

51. Local 12 realleges and incorporates by reference the allegations contained in paragraphs 1 through 50.

52. The Authority has no regulation governing the withdrawal of a union's petition for clarification of employees' bargaining unit status.

53. The Union validly withdrew its petition prior to the Authority's issuance of a final decision on the merits.

54. By refusing to honor Local 12's withdrawal of its petition, the Authority's decision in *Labor I*, 70 F.L.R.A. 452 (2018), and the Authority's denial of reconsideration in *Labor II*, 70 F.L.R.A. 953 (2018), are arbitrary, capricious, an abuse of discretion, and not in accordance with law in violation of 5 U.S.C. § 706(2)(A).

<u>COUNT III</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 553**

55. Local 12 realleges and incorporates by reference the allegations contained in paragraphs 1 through 54.

56. Authority regulation 5 C.F.R. § 2429.10 is a final rule promulgated via notice and comment rule making.

57. Authority regulation 5 C.F.R. § 2429.10 prohibits the Authority from issuing advisory opinions.

58. By refusing to honor the Union's withdrawal of its petition prior to the Authority's issuance of a final decision on the merits, the Authority issued advisory opinions in violation of 5 C.F.R. § 2429.10.

59. By refusing to honor the Union's withdrawal of its petition, the Authority altered, amended, or repealed 5 C.F.R. § 2429.10 without engaging in notice and comment rule making.

60. The Authority's decision in *Labor I*, 70 F.L.R.A. 452 (2018), and the Authority's denial of reconsideration in *Labor II*, 70 F.L.R.A. 953 (2018), are therefore in violation of 5 U.S.C. § 553.

<u>RELIEF REQUESTED</u>

Local 12 respectfully requests that this Court enter an **ORDER:**

(1) Vacating the Authority's decision in *Labor I*, 70 F.L.R.A. 452 (2018), and the

Authority's denial of reconsideration in *Labor II*, 70 F.L.R.A. 953 (2018);

(2) Declaring that the Authority's decision in *Labor I*, 70 F.L.R.A. 452 (2018), and the

Authority's denial of reconsideration in *Labor II*, 70 F.L.R.A. 953 (2018) are void;

(3) Ordering the Authority to grant the Union's withdrawal of its respective petition in

*Labor I*, 70 F.L.R.A. 452 (2018), and the Authority's denial of reconsideration in

*Labor II*, 70 F.L.R.A. 953 (2018); and

(4) Granting such other relief as this Court finds necessary and proper.

Respectfully submitted,

  /s/ Andres M. Grajales
Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:    (202) 379-2928
Email: andres.grajales@afge.org

  /s/ Chad E. Harris
Chad E. Harris, Esq.*
Assistant General Counsel
D.C. Bar No. 981412
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel:    (202) 639-6425
Fax:    (202) 379-2928
Email: harric@afge.org
*Lead Counsel

Attorneys for AFGE Local 12